<u>NOT FOR PUBLICATION</u>

                                             UNITED STATES DISTRICT COURT
                                               DISTRICT OF NEW JERSEY

```
DENNIS SILVER,                     :
          Plaintiff,               :
                                         Civil Action No. 01-4910(JWB)
          v.                       :
                                              O P I N I O N
AMERICAN INSTITUTE OF              :
CERTIFIED PUBLIC ACCOUNTANTS,
                                   :
          Defendant.
                                   :
```

**<u>APPEARANCES</u>**:

    DENNIS SILVER, <u>pro</u> <u>se</u>
    191 East 17th Street, # 5E
    Brooklyn, New York  11226

    JACKSON LEWIS LLP
    By:  Lori D. Bauer, Esquire
         Elizabeth Franqui, Esquire
    East Tower, 7th Floor
    220 Headquarters Plaza
    Morristown, New Jersey  07960

        - and -

    JACKSON LEWIS LLP
    By:  Lori D. Bauer, Esquire
         Elizabeth Franqui, Esquire
    59 Maiden Lane
    New York, New York  10038-4502
    (Attorneys for Defendant)

**BISSELL**, <u>Chief Judge</u>

    This matter comes before the Court on Defendant American

Institute of Certified Public Accountants' motion for summary judgment pursuant to Fed. R. Civ. P. 56.

## BACKGROUND

This case was brought by Plaintiff Dennis Silver ("Plaintiff" or "Mr. Silver") against his former employer American Institute of Certified Public Accountants ("Defendant" or "AICPA"). The case was transferred to this Court from the Eastern District of New York on October 22, 2001.

In the Complaint, Plaintiff alleges employment discrimination under Title VII of the Civil Rights Act of 1964. Mr. Silver alleges that AICPA discriminated against him based on race, age and gender. Mr. Silver cites "harassment, disparities of treatment with respect to race, increase[d] scrutiny of my work and hostile work environment." Compl. at ¶ 9. Furthermore, Mr. Silver cites to "retaliation" as a cause of action. See id. at ¶ 10.

On March 25, 2005, Defendant filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

## DISCUSSION

**I.   Standard for Summary Judgment Motion Pursuant to Rule 56**

Fed. R. Civ. P. 56(c) provides that summary judgment should be granted "if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Kreschollek v. Southern Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. See Boyle v. Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The Supreme Court has stated that in evaluating a defendant's motion for summary judgment:

> [t]he judge must ask . . . not whether . . . the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of evidence that the plaintiff is entitled to a verdict . . . .

Anderson, 477 U.S. at 252. A fact is "material" only if it will affect the outcome of a lawsuit under the applicable law, and a dispute over a material fact is "genuine" if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. See id.

Only evidence that would be admissible at trial may be used to test a summary judgment motion; evidence with a deficient foundation must be excluded from consideration.  See Blackburn v. United Parcel Service, Inc., 1999 WL 360546 (3d Cir. 1999).  In order to survive a motion for summary judgment, the non-moving party must present more than a mere scintilla of evidence in his favor.  Id.  The non-moving party "cannot simply reallege factually unsupported allegations contained in his pleadings." Anderson, 477 U.S. at 249; see also Clark v. Clabaugh, 20 F.3d 1290, 1294 (3d Cir. 1994).

**II.  The Elements of a Prima Facie Case Under Title VII**

Title VII provides, in relevant part, that it "shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...."  42 U.S.C. § 2000e-2(a).

It is well established that Title VII claims are to be evaluated according to the burden-shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) and then elaborated in Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 n.6 (1981).  As described by the Court in Burdine:

> First, the plaintiff has the burden of proving by a preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving a prima facie case, the burden [of production] shifts to the defendant to articulate some legitimate, non-discriminatory reason for the [adverse employment decision]. Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that legitimate reasons offered by the defendant were not his true reasons, but were a pretext for discrimination.

Burdine, 450 U.S. at 252-53. It is worth noting that although the burden of production may shift under the McDonnell Douglas analysis, the Title VII plaintiff always bears the ultimate burden of persuasion of establishing intentional discrimination. See United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 716 (1983); Burdine, 450 U.S. at 256.

The precise elements of a prima facie case under Title VII may vary according to the particular facts of the case. See McDonnell Douglas, 411 U.S. at 802 ("The facts necessarily will vary in Title VII cases, and the specification above of the prima facie case required from [plaintiff] is not necessarily applicable in every respect to differing factual situations."). However, a Title VII plaintiff may establish generally a prima facie case of employment discrimination by showing that: (1) he is a member of a protected class, (2) he was qualified for a position, and (3) he suffered an adverse employment decision (termination, constructive discharge, failure to receive

promotion, etc.) "under circumstances that give rise to an inference of unlawful discrimination." <u>Burdine</u>, 450 U.S. at 253.[1]

Should the employee establish a prima facie case, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment decision. "An employer need not prove, however, that the proffered reasons actually motivated the [adverse employment] decision." <u>Stanziale</u>, 200 F.3d at 105; <u>see</u> <u>Fuentes v. Perskie</u>, 32 F.3d 759, 763 (3d Cir. 1994). Finally, if the defendant successfully articulates a non-discriminatory reason, the burden of production returns to the plaintiff to prove that the proffered reasons were merely pretexts to discriminate. Moreover, the heavier burden of persuasion stays with the Plaintiff who must show by a preponderance of the evidence "both that the [employer's proffered] reason [for termination] was false, and that discrimination was the real reason." <u>St. Mary's Honor Center v.</u>

---

[1] The requirement of a fourth element to establish a prima facie case under Title VII, namely that a member outside of the protected class was hired, appointed, or otherwise benefitted where the plaintiff did not, is no longer applicable in the Third Circuit. <u>See</u> <u>Pivirotto v. Innovative Systems, Inc.</u>, 191 F.3d 344, 352-57 (3d Cir. 1999) (stating that a plaintiff's "inability to prove that she was not replaced by someone outside of her class is not necessarily inconsistent with her demonstrating that the employer treated her less favorably than others because of [her] race, color, religion, sex, or national origin"). However, even though a Title VII plaintiff need not establish that he was replaced by a non-protected class member, he still needs to raise an inference of intentional discrimination. <u>See</u> <u>id.</u>

Hicks, 509 U.S. 502, 515 (1993); see also Clowes v. Terminix Intern., Inc., 109 N.J. 575, 595 (1988).

### III. Analysis

According to AICPA, Mr. Silver's age, race and gender discrimination claims must fail because Mr. Silver "cannot establish a prima facie case of race, age or gender discrimination" and because AICPA "has articulated a legitimate, non-discriminatory reason for his discharge, namely, his well-documented history of poor performance." Def.'s Br. at 2. AICPA also argues, assuming that Mr. Silver was able to establish a prima facie case, he did not meet his burden of rebutting AICPA's legitimate non-discriminatory reason for its actions. See id. at 18. Furthermore, AICPA argues that Mr. Silver's retaliation claim must fail because "his complaint regarding Laurie Henkle is not protected activity" and "there is no evidence of a causal connection between Plaintiff's letter complaint and his receipt of a poor evaluation or his termination over one year later." Id.

    A.   Plaintiff has Established a Prima Facie Case Under Title VII

The Court disagrees with the Defendant that Plaintiff has failed to make a prima facie case. There is no debate that Mr. Silver belongs to a racial minority. AICPA argues that Mr. Silver's job performance was not satisfactory and therefore he was not performing his job at a level that met his employer's

-7-

expectations.  See id. at 14.

It is true that Plaintiff's performance evaluations were less than satisfactory which indicates that he may not have been performing his duties to the satisfaction of his employer; however, the task of establishing a prima facie case under the McDonnell Douglas framework is not intended to be onerous. Burdine, 450 U.S. at 253.  Thus, in determining whether a plaintiff has established a prima facie case that he is qualified for the position at issue, courts have consistently held that "while objective job qualifications should be considered . . . the question of whether an employee possesses a subjective quality, such as leadership or management skill, is better left to" consideration of whether the employer's non-discriminatory reason for discharge is a pretext. Sempier v. Johnson & Higgins, 45 F.3d 724, 729 (3d Cir. 1995) (quoting Weldon v. Kraft, Inc., 896 F.2d 793, 798 (3d Cir. 1990); Jalil v. Avdel Corp., 873 F.2d 701, 707 (3d Cir. 1989), cert. denied 493 U.S. 1023 (1990); Kennedy v. Chubb Group of Ins. Cos., 60 F. Supp. 2d 384 (D.N.J. 1999) ("The qualification element is part of the plaintiff's prima facie case in order to dispel any question as to the plaintiff's objective qualifications to perform the job he or she sought.  In other words, in determining whether plaintiff has demonstrated that she was 'qualified' for the position, the district court must consider whether the plaintiff has the

objective experience and education necessary to qualify as a viable candidate for employment.").

It seems, therefore, that the "qualified" prong of the prima facie case is more of a screening mechanism, i.e. to weed out clear cut cases such as jobs requiring certain levels of educational degrees, licenses, etc. Any on the job performance-based evaluations are more appropriately considered in the pretext phase of the analysis.

In this case, Mr. Silver meets the basic requirements for his position at AICPA. He holds an associate's degree in applied science from the New York City Technical College. See Pl.'s Opp. at 2. Furthermore, Mr. Silver also completed a phototypesetting course at the Printing Trades School. See id. These references support the contention that Mr. Silver had the basic requirements to perform his job as a typesetting trainee. Therefore, AICPA's contention that Mr. Silver's poor performance prevents him from establishing a prima facie case of discrimination must fail. The Defendant's argument that Mr. Silver's performance was unsatisfactory is more appropriately applied in reference to AICPA's proffered legitimate non-discriminatory reason for his termination.

    B.    Defendant has Presented a Legitimate, Non-Discriminatory Reason for Its Actions

As stated previously, AICPA argues that Mr. Silver's job performance was unsatisfactory. AICPA asserts that Mr. Silver's

"history of chronic performance problems is well-documented." See Def.'s Br. at 15. AICPA cites the fact that "all of Plaintiff's supervisors, including Kim Mangal, consistently notes [sic] the same problems with Plaintiff's performance, his inability to listen to or follow directions and lack of communication skills." Id. According to AICPA, Mr. Silver was afforded numerous opportunities to improve his performance but failed to do so. See id. at 18. "Therefore, he was terminated from his employment. Plaintiff's race, gender and age has [sic] absolutely nothing to do with Defendant's decision." Id.

This Court finds that AICPA has presented a legitimate non-discriminatory reason pursuant to the McDonnell Douglas standard.[2] Therefore, the burden now shifts back to Mr. Silver to rebut this proffered legitimate reason for AICPA's actions.

### C. Plaintiff has Failed to Rebut Defendant's Legitimate, Non-Discriminatory Reason

To survive the Defendant's summary judgment motion, Mr. Silver "must point to some evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not

---

[2] AICPA does not need to show that its proffered reason was an actual motivator of its behavior because the burden of proving intentional discrimination always remains with the plaintiff employee. See Martinez v. National Broad. Co., 877 F. Supp. 219, 228 (D.N.J. 1994).

a motivating or determinative cause of the employer's action." Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994) (citing Hicks, 509 U.S. at 510-11). Plaintiff's evidence rebutting Defendants' asserted legitimate reasons must "allow a fact finder reasonably to infer that each of the employer's proffered non-discriminatory reasons . . . was either a post hoc fabrication or otherwise did not actually motivate the termination." Fuentes, 32 F.3d at 764.

In response to AICPA's motion for summary judgment, Mr. Silver submitted an Affidavit to this Court which included some statements contradicting his previous deposition testimony. See Silver Aff. This Court will not consider those contradictory statements because it is well established in this jurisdiction that a non-movant may not create a material issue of fact by submitting a post-deposition affidavit in conflict with the earlier testimony. See Hackman v. Valley Fair, 932 F.2d 239, 241 (3d Cir. 1991) ("When, without a satisfactory explanation, a nonmovant's affidavit contradicts earlier deposition testimony, the district court may disregard the affidavit in determining whether a genuine issue of material fact exists."); see also Martin v. Merrell Dow Pharmaceuticals, Inc., 851 F.2d 703, 706 (3d Cir. 1988) ("[T]he objectives of summary judgment would be seriously impaired if the district court were not free to disregard the conflicting affidavit."). Therefore, this Court

will address Mr. Silver's contentions in response to AICPA's summary judgment motion that are consistent with his previous testimony.

Mr. Silver asserts that his "job performance was very good." Pl.'s Opp. at 1.  However, Mr. Silver does not provide anything to support this allegation.  In fact, during his deposition, Mr. Silver conceded that criticism for his inability to follow directions and improve his communication skills was "often repeated throughout my evaluations."  Pl.'s Dep. Vol. II at 245:15-16.  Mr. Silver also acknowledged that these comments during evaluations by different supervisors were "repeated."  Id. at 2445:19-22.

Mr. Silver has not presented any evidence to rebut AICPA's presumption of a legitimate non-discriminatory reason that he was disciplined and eventually terminated because of his poor job performance.  Mr. Silver has not provided to this Court any evidence that would allow a fact finder reasonably to infer that AICPA's proffered non-discriminatory reason was either a post hoc fabrication or otherwise did not actually motivate the termination.  Therefore, Mr. Silver has failed to meet his burden.

For that reason, the Court concludes that Defendant is entitled to summary judgment because Plaintiff has not offered more than a scintilla of evidence that the legitimate

-12-

nondiscriminatory reason Defendant has articulated for its actions is actually a pretext for discrimination.

     D.   <u>Plaintiff's Retaliation Claim Must Also Fail</u>

A plaintiff alleging that an unfavorable job action is based upon an illegal retaliatory motive in violation of Title VII must establish that "(1) he was engaged in protected activity; (2) he was [subject to an adverse job action] subsequent to or contemporaneously with such activity; and (3) there is a causal link between the protected activity and the [subsequent adverse job action]." <u>Sarullo v. U.S. Postal Service</u>, 352 F.3d 789, 800 (3d Cir. 2003) (quoting <u>Woodson v. Scott Paper Co.</u>, 109 F.3d 913, 920 (3d Cir. 1997)).  In this case, Mr. Silver has failed to establish a prima facie case of retaliation under Title VII.

Mr. Silver has not demonstrated a causal connection between his alleged protected activity and the subsequent adverse employment action.  He claims that he wrote a letter on July 21, 1999 complaining of his treatment by his supervisor, Kim Mangal. <u>See</u> Pl.'s Opp. at 2.  According to Mr. Silver, he received a negative evaluation and was put on the STAR program in response to this letter.[3]  However, as discussed previously, AICPA has proffered a legitimate non-discriminatory reason for these actions.  Plaintiff, therefore, must overcome this hurdle and

---

[3] The STAR program ("System To Accept Responsibility") is AICPA's job performance improvement plan. <u>See</u> Def.'s Br. at 10.

prove that AICPA's legitimate non-discriminatory reason is pretext.  See Hicks, 509 U.S. at 515.

Mr. Silver has failed to produce any such evidence.  Again, his bald allegations without factual support do not meet the standard required to overcome AICPA's legitimate non-discriminatory reason.  Therefore, Mr. Silver's retaliation claim must fail and AICPA is entitled to summary judgment.

### **CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56 is GRANTED and this action is dismissed in its entirety.

```
                              /s/    John W. Bissell
                                     JOHN W. BISSELL
                                       Chief Judge
                              United States District Court
```

DATED:  August 15, 2005